MJC/HMG2020R00932

**SEALED**

```
_____ FILED      _____ ENTERED
_____ LOGGED     _____ RECEIVED
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

NOV 0 2 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. DKC 23cr 390 |
| | : | |
| **v.** | : | |
| | : | |
| **MEHUL RAMESH KHATIWALA,** | : | **(Conspiracy to Commit Bank Fraud,** |
| **a/k/a MIKE KHATIWALA,** | : | **18 U.S.C. § 1349; Bank Fraud, 18** |
| **RAJENDRA G. PARIKH,** | : | **U.S.C. § 1344; Conspiracy to Make** |
| **JENNIFER H. WATKINS,** | : | **a False Statement to a Financial** |
| **REBECCA MARIE COHN,** | : | **Institution, 18 U.S.C. § 371; False** |
| **a/k/a REBECCA MARIE STANTON, &** | : | **Statement to a Financial Institution,** |
| **RAJNIKANT I. PATEL,** | : | **18 U.S.C. § 1014; Continuing Financial** |
| | : | **Crimes Enterprise, 18 U.S.C. § 225;** |
| **Defendants.** | : | **Conspiracy to Launder Money, 18** |
| | : | **U.S.C. § 1956(h); Money Laundering,** |
| | : | **18 U.S.C. § 1957; Forfeiture, 18 U.S.C.** |
| | : | **982(a)(1), 18 U.S.C. § 982(a)(2)(A), 28** |
| | : | **U.S.C. § 2461(c))** |

...oOo...

### INDICTMENT

### COUNT ONE

#### (Conspiracy to Commit Bank Fraud)

The Grand Jury for the District of Maryland charges that:

#### Relevant Persons, Entities, and Terms

At times relevant to this Indictment:

1.     Defendant **MEHUL RAMESH KHATIWALA** ("**KHATIWALA**") was a resident of New Jersey.   **KHATIWALA** also was the owner and managing member of Delaware Hotel Group LLC ("DHG"), and an operator of GMK Consulting LLC ("GMK") and KPG Hotel Mgmt. LLC ("KPG"), which were hotel management and loan brokerage companies located in Mount Laurel, New Jersey.

2.      Defendant **JENNIFER H. WATKINS** ("**WATKINS**") was a resident of New Jersey, the project coordinator for DHG, and the owner and managing member of Forza Consulting LLC ("Forza"), a hotel consulting and loan brokerage company located in Marlton, New Jersey.

3.      Defendant **RAJENDRA G. PARIKH** ("**PARIKH**") was a resident of New Jersey and an owner of KPG.

4.      Defendant **REBECCA MARIE COHN,** a/k/a **REBECCA MARIE STANTON** ("**COHN**"), was a resident of Maryland who worked as a settlement and title processor for Residential Title & Escrow Company ("Residential Title"), a real estate title company located in Owings Mills, Maryland, that offered escrow and loan settlement services.

5.      Defendant **RAJNIKANT I. PATEL** ("**PATEL**") was a resident of New Jersey who worked as the manager of a convenience store located in New Brunswick, New Jersey, which was owned by **PARIKH** and **PARIKH**'s brother.

6.      Co-conspirator A was a relative of **PARIKH**.

7.      A "shell company" is a company without active business operations or significant assets.

8.      A "straw owner" is a person who owns property on behalf of someone else with no intention of using the property themselves.

9.      A "round trip transaction" is a transaction whereby a payment or transfer of money is made with the understanding that the person or organization to whom the money is paid or transferred will return it.

10.     "Flipping" is a real estate investment strategy whereby someone purchases property to hold for a short period before reselling it to make a quick profit.

11.     The following limited liability companies were registered in Delaware by **WATKINS** and other DHG employees and operated as shell companies: WHC Holding LLC;

SVA Hotels LLC; TMA Syracuse LLC; Tenn Enterprises LLC; MOH Holding LLC; TAL Hospitality LLC; 6404 Pike Holding LLC; and BNY Enterprises LLC (the "shell companies").

12.     The following banks were "financial institutions" within the meaning of Title 18, United States Code, Section 20, because their deposits were insured by the Federal Deposit Insurance Corporation (FDIC), and they were members of the Federal Home Loan Bank System: Poppy Bank, Sant Rosa, CA; The Mint National Bank, Kingwood, TX; River Valley Bank (also known as Incredible Bank), Yuba City, CA; IncredibleBank, Wausau, WI; North State Bank, Raleigh, NC; First Chatham Bank, Savannah, GA; and Peapack-Gladstone Bank, Bedminster, NJ (the "Financial Institutions").

13.     The Small Business Administration ("SBA") was an independent agency within the executive branch of the federal government that was created by Congress in 1953 for the purpose of encouraging the development of small businesses by, among other things, guaranteeing certain loans (or portions of such loans) made by lenders to small businesses.   The guarantee provided by the federal government for such loans was intended to aid small businesses by allowing them to obtain long-term financing under terms and conditions that would otherwise not be available to them through normal commercial channels.

(a)     Under Section 7(a) of the Small Business Act ("Section 7(a) Program"), the SBA was authorized to help new and existing small businesses obtain financing by guaranteeing and insuring 75%-90% of qualified loans made and administered by participating lending institutions.   Participating lenders, like the Financial Institutions here, bore the risk of payment default up to the percentage of the loan that is not guaranteed by the SBA, and they agreed to structure the loans in accordance with the SBA's requirements.

(b)     The owners of the small businesses seeking an SBA-guaranteed loan ("SBA loan") under the Section 7(a) Program must invest a certain amount of their own money into the

3

business to qualify for the loan. This requirement, called an "equity injection," reduces the amount of the debt needed to start or upgrade the business, creates an incentive for the principals to remain committed to the business during the term of the loan, provides a cushion to help the business endure economic downturns, and improves the value of the collateral used to secure the loan.

**The Scheme and Artifice to Defraud**

14.    From in or about August 2018 until in or about February 2020, in the District of Maryland and elsewhere, the defendants, **MEHUL RAMESH KHATIWALA**, **RAJENDRA G. PARIKH**, **JENNIFER H. WATKINS**, **REBECCA MARIE COHN**, **RAJNIKANT I. PATEL**, and Co-conspirator A, knowingly devised and intended to devise a scheme and artifice to defraud the Financial Institutions and the SBA and to obtain money and property owned by or under the custody and control of those institutions by means of materially false and fraudulent pretenses, representations, and promises, namely, by providing false documentation in support of SBA loan applications for the purchase of hotels that misrepresented the identity of the sellers, the familial relationships between the parties, and the nature and amount of the equity injected by the borrowers to obtain financing under the Section 7(a) Program, in violation of 18 U.S.C. § 1344 (hereinafter, "the scheme to defraud").

**The Conspiracy to Execute the Scheme to Defraud**

15.    From in or about August 2018 until in or about February 2020, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA**,<br>**RAJENDRA G. PARIKH**,<br>**JENNIFER H. WATKINS**,<br>**REBECCA MARIE COHN, and**<br>**RAJNIKANT I. PATEL**,

did knowingly and willfully conspire, combine, confederate, and agree with each other, and other

4

persons known and unknown to the Grand Jury, to knowingly execute, and attempt to execute, the

scheme and artifice to defraud the Financial Institutions and the SBA, and to obtain moneys, funds,

credits, assets, securities, and other property owned by or under the custody and control of the

Financial Institutions by means of materially false and fraudulent pretenses, representations and

promises, in violation of 18 U.S.C. § 1344 (hereinafter, "the conspiracy to defraud").

### Object of the Conspiracy to Defraud

16.     The object of the conspiracy to defraud was to obtain loan proceeds for the

defendants and others to buy and sell hotels in a hotel flipping scheme by making material

misrepresentations and omissions to the Financial Institutions during the loan application process

regarding the identity of the sellers, the familial relationships between the parties, and the nature

and amount of the equity injected by the borrowers, under the SBA's Section 7(a) Program, in

violation of 18 U.S.C. § 1344.

### Manner and Means of the Conspiracy and Scheme to Defraud

17.     Among the manner and means by which the defendants conspired to execute the

scheme to defraud were the following:

**i.      The Purchasing and Financing of Hotels Using SBA-Guaranteed Loans Under
the Pretense of Only Being a Loan Broker**

18.     It was part of the conspiracy and scheme to defraud that **KHATIWALA**,

**PARIKH**, and **WATKINS** contacted hotel property owners, including major hotel franchises, to

find hotel properties available for sale.

19.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**

and **PARIKH** negotiated purchase contracts with hotel property owners to acquire hotels as part

of a hotel flipping scheme funded by fraudulently obtained SBA loan proceeds.

20.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**,

**PARIKH**, **WATKINS,** and their hotel management companies, DHG, GMK, and Forza, falsely

represented to the Financial Institutions that they were loan brokers, only seeking SBA loans on behalf of prospective buyers of hotel properties.

21.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA** and **WATKINS** falsely represented to the Financial Institutions that, in return for charging a loan brokerage fee, they and their hotel management companies would act in their capacity as loan brokers to facilitate the SBA loan application process on behalf of prospective hotel buyers, when, in truth and fact, **KHATIWALA, PARIKH, WATKINS,** and persons related to them had an undisclosed financial stake in the purchase and sale of the hotel properties for which the SBA loan applications were being submitted.

### ii.     The Fraudulent Use of Shell Companies and Straw Owners to Conceal Ownership Interests and Related Parties

22.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA, PARIKH,** and **WATKINS**, to execute the first part of their hotel flipping strategy, created shell companies using **PATEL** and Co-conspirator A as 100% straw owners, thereby concealing the fact that **KHATIWALA, PARIKH,** and related persons were the actual owners of the shell companies.

23.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA, PARIKH**, and **WATKINS** had the straw owners sign purchase contracts, operating agreements, and related documents to buy hotel properties in the names of the shell companies created by **KHATIWALA**, **PARIKH**, and **WATKINS**.

24.     It was further part of the conspiracy and scheme to defraud that, contemporaneous with creating the pretense that the straw owners were purchasing the hotels for themselves, and to execute the second part of their hotel flipping strategy to fraudulently obtain SBA funding, **KHATIWALA**, **PARIKH**, and **WATKINS** solicited investors and created other companies to serve as buying entities (the "Buyers") to whom they could quickly resell the hotels at a much

higher price.

25.     It was further part of the conspiracy and scheme to defraud that, **KHATIWALA**, **PARIKH**, and **WATKINS** caused the Buyers to enter into purchase agreements to buy hotels from shell companies that were created and secretly owned by **KHATIWALA**, **PARIKH**, and related persons.

26.     It was further part of the conspiracy and scheme to defraud that, to ensure the success of the second part of the hotel flipping scheme, **KHATIWALA**, **PARIKH**, and **WATKINS** helped the Buyers purchase hotels held in the names of the shell companies by contacting the Financial Institutions for the express purpose of initiating the SBA loan application process to secure financing on behalf of the Buyers.

27.     It was further part of the conspiracy and scheme to defraud that, **KHATIWALA**, **PARIKH**, and **WATKINS** did not disclose to the Financial Institutions during the loan application process that **KHATIWALA**, **PARIKH**, and related persons were the true owners and sellers of the hotels and, therefore, as undisclosed parties to the transaction, had a substantial financial stake in getting the Buyers qualified for the SBA loans.

28.     It was further part of the conspiracy and scheme to defraud that, **KHATIWALA**, **PARIKH**, and **WATKINS** did not disclose to the Financial Institutions during the loan application process that some of the people who invested in the buying entities were relatives of **KHATIWALA** and **PARIKH**, including spouses, siblings, and children.

### iii.     False Representations about Equity Injections

29.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** collected, compiled, and submitted documentation needed by the Financial Institutions to determine whether the Buyers qualified for the SBA loans, including records proving that the Buyers provided sufficient cash upfront to satisfy SBA's equity injection

requirements for Section 7(a) funding, such as checks, bank statements, and wire transfer records.

30.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**, **PARIKH**, and **WATKINS** had the Buyers send their equity injections to Residential Title via wire transfers and checks, and **COHN** maintained the funds in designated Residential Title escrow accounts pending the loan settlements and kept ledgers to track the use of those escrow funds.

31.     It was further part of the conspiracy and scheme to defraud that while the loan application process was still pending, **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** fraudulently diverted some of the Buyers' equity injections to make down payments on hotels that were under contract to **KHATIWALA**'s and **PARIKH**'s shell companies, including hotels that the shell companies had contracted to sell to the Buyers.

32.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** submitted and caused to be submitted to the Financial Institutions duplicate copies of wire transfer records that had been submitted for one SBA loan application to fraudulently establish that the Buyers had satisfied their equity injection obligations for other SBA loan applications.

33.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** fraudulently submitted and caused to be submitted to the Financial Institutions gift letters that had already been used to satisfy the Buyers' equity injection obligations in other SBA loan applications.

34.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** falsely represented to the Financial Institutions that funds on deposit in Residential Title's escrow accounts would be used to satisfy the Buyer's equity injection obligations, when, in fact, the funds were part of a fraudulent round trip transaction whereby the funds were temporarily withdrawn from those accounts prior to the loan closings with the intent

to redeposit the funds back into the same escrow accounts subsequent to the loan closings.

35.     It was further part of the conspiracy and scheme to defraud that **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** fraudulently submitted and caused to be submitted to the Financial Institutions copies of falsified bank statements and wire transfers to satisfy the Buyers' equity injection obligations.

    **iv.**    **The Fraudulent Diversion of the Buyers' Equity Injections and SBA Loan Proceeds to the Shell Companies to Fund the Flipping Scheme**

36.     It was further part of the conspiracy and scheme to defraud that, prior to the SBA loan closings, **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** fraudulently diverted to **KHATIWALA's** and **PARIKH's** shell companies some of the Buyers' equity injections held in escrow at Residential Title so the shell companies could purchase hotels to flip.

37.     It was further part of the conspiracy and scheme to defraud that, after the Financial Institutions approved the Buyers' loan requests, wired the loan proceeds to Residential Title, and authorized the loan settlements, **KHATIWALA**, **PARIKH**, **WATKINS**, and **COHN** fraudulently diverted some of the Buyers' SBA loan proceeds to **KHATIWALA's** and **PARIKH's** shell companies to purchase the very hotels that the shell companies had contracted to sell to the Buyers.

38.     It was further part of the conspiracy and scheme to defraud that, **KHATIWALA**, **PARIKH** , **WATKINS**, and **COHN** used some of the sale proceeds from flipping hotels through the shell companies to fund additional hotel purchases under the names of different shell companies owned by **KHATIWALA, PARIKH** and related parties, and those shell companies, in turn, resold the hotels to different buying entities created by **KHATIWALA**, **PARIKH**, and **WATKINS** using SBA financing fraudulently secured via the brokerage services of **KHATIWALA**, **PARIKH**, and **WATKINS**.

18 U.S.C. § 1349

## COUNT TWO

(Conspiracy to Make a False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     From in or about August 2018 until in or about February 2020, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA**,
**RAJENDRA G. PARIKH**,
**JENNIFER H. WATKINS**,
**REBECCA MARIE COHN, and**
**RAJNIKANT I. PATEL**,

did knowingly and willfully conspire, combine, confederate, and agree with each other, and other persons known and unknown to the Grand Jury, to make false statements in connection with an SBA loan application for the purpose of influencing in any way the actions of the Financial Institutions, the accounts of which were insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 1014.

### Object of the Conspiracy

3.     The object of the conspiracy was to make false statements for the purpose of influencing the actions of the Financial Institutions in connection with loan applications submitted under the SBA's Section 7(a) Program.

### Overt Acts in Furtherance of the Conspiracy

4.     In furtherance of the conspiracy, and to effect the objects thereof, the defendants committed the following overt acts in Maryland and elsewhere:

(a)     On or about March 1, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from Poppy Bank to River City Hotels LLC, **COHN** emailed bank records to a representative of Poppy Bank confirming the receipt and deposit of a $100,000 equity injection purportedly made by **KHATIWALA's** wife.

(b)     On or about March 1, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from Poppy Bank to River City Hotels LLC, **COHN** sent an email to a representative of Poppy Bank explaining how a $100,000 equity injection purportedly made by **KHATIWALA's** wife was pulled from a specific bank account and placed into escrow for that particular loan closing.

(c)     On or about March 11, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from Mint Bank to SNY Hospitality LLC, **WATKINS** sent an email to a representative of Mint Bank with a copy to **COHN** explaining the source of the $781,000 equity injection purportedly provided by **KHATIWALA's** wife.

(d)     On or about March 12, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from Poppy Bank to River City Hotels LLC, **COHN** cancelled a check that had been issued to SVA Hotels LLC in the amount of $3,149,125.36.

(e)     On or about March 29, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from Poppy Bank to Bmore Hotels LLC, **COHN** sent bank records via an email to a representative of Poppy Bank as proof of an equity injection purportedly made by **KHATIWALA's** wife.

(f)     On or about April 2, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from Poppy Bank to Bmore Hotels LLC, **COHN** cancelled a check that had been issued to WHC Holdings LLC in the amount of $5,557,337.41.

11

(g)     On or about July 15, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from North State Bank to Springpike Hotels LLC, **KHATIWALA** sent an email to **COHN** with a copy to **WATKINS** listing six wire transfers **COHN** needed to confirm as equity injections for relatives of **KHATIWALA** and **PARIKH**.

(h)     On or about July 17, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from North State Bank to Springpike Hotels LLC, **WATKINS** sent an email to **COHN** with a copy to **KHATIWALA** discussing how and where to send a wire transfer to MOH Holding LLC.

(i)     On or about July 23, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from North State Bank to Springpike Hotels LLC, **WATKINS** sent an email to **COHN** with a copy to **KHATIWALA** explaining how to aggregate money from different sources to fund a wire transfer of \$2,802,900.31 from Residential Title to MOH Holding LLC.

(j)     On or about July 23, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from North State Bank to Springpike Hotels LLC, **COHN** cancelled a check that had been issued to MOH Holding LLC in the amount of \$2,465,929.56.

(k)     On or about July 24, 2019, in reference to Residential Title's closing of an SBA-guaranteed loan from North State Bank to Springpike Hotels LLC, **COHN** sent an email to **WATKINS** asking whether the closing for the hotel purchase by MOH Holding LLC had taken place earlier that day.

18 U.S.C. § 371

## COUNT THREE

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about February 14, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH**,
**JENNIFER H. WATKINS**, and
**REBECCA MARIE COHN**

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud River Valley Bank, and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of River Valley Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to River Valley Bank in reference to an application for an SBA-guaranteed loan of $3,477,000 for Gates Hotel LLC to purchase a Red Roof Inn in Rochester, New York, from Syracuse Hospitality LLC, including the following:

(a)      a fraudulent purchase and sale agreement between Syracuse Hospitality LLC and G6 Hospitality Property LLC that had been altered to make it appear as though Syracuse Hospitality LLC had agreed to purchase the Rochester Red Roof Inn for $3,650,000, when, in truth and fact, the purchase and sale agreement listed a purchase price of $2,650,000;

(b)      fraudulent monthly bank statements and a wire transfer that had been altered to make it appear as though $75,000 had been sent from the bank account of **KHATIWALA's** sister-

in-law, who was an investor in Gates Hotel LLC, when, in truth and fact, the money had been sent from her daughter's bank account;

(c)     three checks totaling $781,000, made payable to Residential Title, and dated December 21, 2018, December 26, 2019, and January 3, 2019, that falsely represented that **KHATIWALA's** wife, who was an investor in Gates Hotel LLC, had satisfied her $781,000 equity injection using funds withdrawn from a 1031-exchange account maintained by Residential Title, when, in truth and fact, the checks were part of a fraudulent roundtrip transaction whereby, after the loan closed, $681,000 of that money was redeposited into the same 1031-exchange account from which the funds had been withdrawn; and

(d)     a copy of a $176,000 wire transfer to Residential Title from a bank account jointly held by **PARIKH's** wife and son that falsely represented that **PARIKH's** son, who was an investor in Gates Hotel LLC, had satisfied his $176,000 equity injection, when, in truth and fact, the wire transfer was part of a fraudulent roundtrip transaction whereby, after the loan closed, $176,000 was deposited into a bank account jointly held by **PARIKH's** wife and sister-in-law.


18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT FOUR

### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about February 26, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,
RAJENDRA G. PARIKH,
JENNIFER H. WATKINS, and
REBECCA MARIE COHN**

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Mint Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of Mint Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to Mint Bank in reference to an application for an SBA-guaranteed loan of $5,000,000 for SNY Hospitality LLC to purchase a Comfort Inn in Syracuse, New York, from TMA NE Holdings LLC, including the following:

(a)      On or about February 14, 2019, **WATKINS** sent an email to a representative of Mint Bank that falsely represented that **KHATIWALA's** wife, who was an investor in SNY Hospitality LLC, had made an equity injection of $681,000 using funds withdrawn from a 1031-exchange account maintained by Residential Title, when, in truth and fact, those same funds had been previously submitted on behalf of **KHATIWALA's** wife to satisfy her equity injection for a different SBA loan obtained from another Financial Institution; and

15

(b)     On or about February 25, 2019, **WATKINS** sent an email to a representative of Mint Bank that falsely represented that **KHATIWALA's** wife, who was an investor in SNY Hospitality LLC, had made an equity injection of $100,000 using funds withdrawn from a 1031-exchange account maintained by Residential Title, when, in truth and fact, those same funds had been previously submitted on behalf of **KHATIWALA's** wife to satisfy her equity injection obligation for a different SBA loan obtained from another Financial Institution.


18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT FIVE

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about February 26, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of Mint Bank in connection with an SBA loan application, namely, the defendants emailed and caused to be emailed to Mint Bank a settlement statement that falsely represented that SNY Hospitality LLC had made an equity injection totaling "$781,000," when, in truth and fact, the equity injection was substantially less than that.

18 U.S.C. § 1014
18 U.S.C. § 2

## COUNT SIX

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about March 11, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of Mint Bank in connection with an SBA loan application, namely, the defendants emailed and caused to be emailed to Mint Bank a document that falsely confirmed that **KHATIWALA's** wife, who was an investor in SNY Hospitality LLC, had made an equity injection of $781,000 using funds withdrawn from a 1031-exchange account maintained by Residential Title, when, in truth and fact, those same funds had been previously submitted on behalf of **KHATIWALA's** wife to satisfy her equity injection for a different SBA loan obtained from another Financial Institution.

18 U.S.C. § 1014
18 U.S.C. § 2

## COUNT SEVEN

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about March 12, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH**,
**JENNIFER H. WATKINS**, and
**REBECCA MARIE COHN**,

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Poppy Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of Poppy Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to Poppy Bank in reference to an application for an SBA-guaranteed loan of $3,277,000 for River City Hotels LLC to purchase a Motel 6 in Sandston, Virginia, from SVA Hotels LLC, including the following:

(a)      a settlement statement that falsely represented SVA Hotels LLC as the owner and seller of the Motel 6 at the time of closing, when, in truth and fact, SVA Hotels LLC was not the owner because SVA Hotels LLC had not yet purchased the hotel;

(b)      the concealment of the material fact that SVA Hotels LLC intended to use River City Hotels' SBA loan proceeds to buy the Motel 6 and then flip it to River City; and

(c)     the concealment of the material fact that SVA Hotels LLC intended to use River City Hotels' SBA loan proceeds to pay a law firm $78,914.37 for **KHATIWALA's** outstanding personal legal fees.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT EIGHT

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about February 26, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of Poppy Bank in connection with an SBA loan application, namely, the defendants sent and caused to be sent to Poppy Bank an email that falsely represented that **KHATIWALA's** wife, who was an investor in River City Hotels LLC, had provided her equity injection with a $100,000 check that had been placed into a Residential Title escrow account specifically for the closing of the Poppy Loan, when, in truth and fact, a copy of that same check had been previously submitted on behalf of **KHATIWALA's** wife to satisfy her equity injection for two different SBA loans obtained from two other Financial Institutions.


18 U.S.C. § 1014
18 U.S.C. § 2

## COUNT NINE

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about March 1, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of Poppy Bank in connection with an SBA loan application, namely, the defendants sent and caused to be sent to Poppy Bank an email that falsely represented that **KHATIWALA's** wife, who was an investor in River City Hotels LLC, had provided her equity injection with a $100,000 check that had been placed into a Residential Title escrow account specifically for the closing of the Poppy Loan, when, in truth and fact, a copy of that same check had been previously submitted on behalf of **KHATIWALA's** wife to satisfy her equity injection obligations for two different SBA loans obtained from two other Financial Institutions.


18 U.S.C. § 1014
18 U.S.C. § 2

22

## COUNT TEN

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about March 12, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of Poppy Bank in connection with an SBA loan application, namely, the defendants emailed and caused to be emailed to Poppy Bank copies of Residential Title's disbursement worksheet and escrow account check no. 1564 for the settlement of an SBA-guaranteed loan of $3,277,000 for River City Hotels LLC to purchase a Motel 6 hotel in Sandston, Virginia, from SVA Hotels LLC that falsely represented that Residential Title had disbursed $3,149,125.36 of the loan proceeds by check to SVA Hotels LLC, when, in truth and fact, the check was cancelled and never sent and, instead, Residential Title wired $2,817,850.36 of the loan proceeds to another title company to fund the purchase of the Motel 6 by SVA Hotels LLC.

18 U.S.C. § 1014
18 U.S.C. § 2

23

## COUNT ELEVEN

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.       Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.       On or about March 29, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS,**
**REBECCA COHN, and**
**RAJNIKANT I. PATEL,**

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Poppy Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of Poppy Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to Poppy Bank in reference to an application for an SBA-guaranteed loan of $4,862,000 for Bmore Hotels LLC to purchase a Motel 6 in Baltimore, Maryland, from WHC Holdings LLC, including the following:

(a)       On or about February 20, 2019, **KHATIWALA** sent emails to a representative of Poppy Bank that falsely represented that the "Seller [was] negotiating a price reduction due to the lower appraisal" and **KHATIWALA** had "confirmed" that the seller had agreed to the lower price "this afternoon," when, in truth and fact, **KHATIWALA** was a partial owner who falsely claimed to have conferred with the "seller" to bolster the pretense that he was just a broker in the transaction and not a party to the transaction;

24

(b)    On or about March 7, 2019, **WATKINS** sent an email to a representative of Poppy Bank that falsely represented that "Rajnikant Patel is 100% owner [of WHC Holding LLC]" and included documents reflecting **PATEL** owned "100%" of the membership interests in WHC Holding LLC, when, in truth and fact, **PATEL** was the straw owner for **KHATIWALA** and **PARIKH**, who owned the company; and

(c)    On or about March 19, 2019, **WATKINS** sent emails to a representative of Poppy Bank that falsely represented that an investor in Bmore Hotels LLC, who was **KHATIWALA's** wife, had satisfied her equity injection of $825,000 via a wire transfer on March 1, 2019 from bank account #xxx6877, when, in truth and fact, the wire transfer was part of a fraudulent round trip transaction to create the pretense that she had satisfied her equity injection obligation, when, in truth and fact, $825,000 was redeposited into bank account #xxx6877 after the loan closed.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TWELVE

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about April 29, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,
RAJENDRA G. PARIKH,
JENNIFER H. WATKINS, and
REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of Poppy Bank in connection with an SBA loan application, namely, the defendants emailed and caused to be emailed to Poppy Bank the settlement statement for an SBA-guaranteed loan of $4,862,000 for the sale of a hotel from WHC Holdings LLC to Bmore Hotels LLC that falsely represented the following:

(a)      the "Borrower's Equity from BMORE HOTELS LLC" to be "$1,225,000", when in truth and in fact, as the defendants well knew, the defendants had returned and caused to be returned $825,000 of that amount to **KHATIWALA's** wife, who was one of the investors in Bmore Hotels LLC; and

(b)      the settlement took place on March 29, 2019, when in truth and in fact, the settlement did not take place on that date because WHC Holdings LLC did not acquire ownership of the hotel until April 2, 2019.

18 U.S.C. § 1014
18 U.S.C. § 2

26

## COUNT THIRTEEN

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about June 7, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**RAJNIKANT I. PATEL,**

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Poppy Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of Poppy Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to Poppy Bank in reference to an application for an SBA-guaranteed loan of $4,150,000 for Jamestown Hotel LLC to purchase a Comfort Inn in Jamestown, New York, from TMA Syracuse LLC, including a letter signed by **PATEL**, dated June 6, 2019, that falsely represented that **PATEL** was the sole member of TMA Syracuse LLC and had received a $750,000 deposit from Jamestown Hotel LLC, when, in truth and fact, **PATEL** never received such a deposit, and **KHATIWALA** and other persons were undisclosed members of TMA Syracuse LLC.

18 U.S.C. § 1344
18 U.S.C. § 2

27

## COUNT FOURTEEN

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about July 1, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud North State Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of North State Bank by means of material false and fraudulent pretenses, representations, and promises, by submitting and causing to be submitted false and fraudulent information and documents to North State Bank in reference to an application for an SBA-guaranteed loan of $4,040,000 for JC Hotels LLC to purchase a Red Roof Inn in Johnson City, Tennessee, from Tenn Enterprises LLC, including emails **WATKINS** sent to a representative of North State Bank on or about June 26, 2019 that falsely represented the following:

(a)      **KHATIWALA's** wife, who was an investor in JC Hotels LLC, had provided her equity injection of $250,000 via a wire transfer to Residential Title on March 14, 2019, when, in truth and fact, the wire transfer was a duplicate copy of a wire transfer that had been fraudulently altered to conceal the fact that it had been previously submitted on behalf **KHATIWALA's** wife to satisfy her equity injection for a different SBA loan;

(b)      **PARIKH's** brother, who was an investor in JC Hotels LLC, had provided his equity injection with a $375,000 gift from his wife that was sent to Residential Title via a wire transfer

28

on April 29, 2019, when, in truth and fact, the wire transfer was a duplicate copy of a wire transfer of gifted money that had been previously submitted on behalf of **PARIKH's** brother to satisfy his equity injection for a different SBA loan; and

(c)     **KHATIWALA's** sister-in-law, who was an investor in JC Hotels LLC, had provided her equity injection with a $50,000 gift from her father-in-law that was sent to Residential Title via a wire transfer on  June 13, 2019, when, in truth and fact, that money was fraudulently used by **KHATIWALA** and **PARIKH** to purchase a different hotel in the name of a shell company.


18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT FIFTEEN

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about June 26, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of North State Bank in connection with an SBA loan application, namely, the defendants sent and caused to be sent to North State Bank via a Dropbox link documentation to support false equity injections totaling approximately $675,000 related to the application for an SBA-guaranteed loan of $4,040,000 for JC Hotels LLC to purchase a Red Roof Inn in Johnson City, Tennessee, from Tenn Enterprises LLC, when, in truth and fact, the total equity injection was substantially less than that.


18 U.S.C. § 1014
18 U.S.C. § 2

30

## COUNT SIXTEEN

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about July 1, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of North State Bank in connection with an SBA loan application, namely, the defendants emailed and caused to be emailed to North State Bank a settlement statement for an SBA-guaranteed loan of $4,040,000 for JC Hotels LLC to purchase a Red Roof Inn in Johnson City, Tennessee, from Tenn Enterprises LLC that falsely stated "Buyer Equity from JC HOTELS LLC" of "759,000," when, in truth and fact, the equity was substantially less than that.


18 U.S.C. § 1014
18 U.S.C. § 2

31

## COUNT SEVENTEEN

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about July 23, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS,**
**REBECCA MARIE COHN, and**
**RAJNIKANT I. PATEL,**

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud North State Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of North State Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted to North State Bank false and fraudulent information and documents in reference to an application for an SBA-guaranteed loan of $2,847,000 for Springpike Hotels LLC to purchase a Studio 6 hotel in Miamisburg, Ohio, from MOH Holding LLC, including the following:

(a)     On or about July 15, 2019, **WATKINS** sent an email to a representative of North State Bank that falsely represented that **PARIKH's** son, who was an investor in Springpike Hotels LLC, had provided his equity injection of $176,000 via a wire transfer to Residential Title on February 13, 2019, when, in truth and fact, that transfer of funds had been previously submitted to satisfy **PARIKH's** son's equity injection for a different SBA loan; and

(b)      On or about July 15, 2019, **WATKINS** sent an email to a representative of North State Bank that falsely represented that **KHATIWALA's** sister-in-law, who was an investor in Springpike Hotels LLC, had provided her equity injection of $75,000 via a wire transfer from her bank to Residential Title on January 4, 2019, when, in truth and fact, the copies of the bank statements and wire transfer included with the email were duplicate copies of the wire transfer and bank statements that had been previously submitted on behalf of **KHATIWALA's** sister-in-law to satisfy her equity injection for a different SBA loan, and the copy of the wire transfer had been altered to further conceal that fact.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT EIGHTEEN

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about July 23, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of North State Bank in connection with an SBA loan application, namely, the defendants submitted and caused to be submitted to North State Bank the settlement statement for an SBA-guaranteed loan of $2,847,000 for Springpike Hotels LLC to purchase a Studio 6 hotel in Miamisburg, Ohio, from MOH Holding LLC that falsely represented the following:

(a)     the "Deposit or earnest money" from Springpike Hotels LLC to be "$546,000," when, in truth and in fact, it was substantially less than that; and

(b)     the loan settlement took place on July 23, 2019, when in truth and in fact, the settlement did not take place on that date because the seller, MOH Holding LLC, did not acquire ownership of the hotel until July 24, 2019.

18 U.S.C. § 1014
18 U.S.C. § 2

34

## COUNT NINETEEN

### (Attempted Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.    On or about August 22, 2019, in the District of Maryland and elsewhere, the defendants,

### MEHUL RAMESH KHATIWALA,
### RAJENDRA G. PARIKH, and
### JENNIFER H. WATKINS,

knowingly and willfully attempted to execute the scheme and artifice to defraud First Chatham Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of First Chatham Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to First Chatham Bank in reference to an application for an SBA-guaranteed loan of $2,550,000 for CT Hotels LLC to purchase a Motel 6 in Tuscaloosa, Alabama, from TAL Hospitality, including the following:

(a)    a duplicate copy of a $100,000 wire transfer that was fraudulently altered to conceal the fact that it had been previously sent to Residential Title to satisfy an equity injection for **KHATIWALA's** wife for a different SBA-guaranteed loan application at another bank;

(b)    a duplicate copy of a $165,000 wire transfer that was fraudulently altered to conceal the fact that it had been previously sent to Residential Title to satisfy an equity injection for **PARIKH'S** son for a different SBA-guaranteed loan application at another bank; and

(c)      a duplicate copy of a $181,000 check that had been previously sent to Residential Title to satisfy an equity injection for **KHATIWALA's** wife for a different SBA-guaranteed loan application at another bank.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TWENTY

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about August 22, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH**, and
**JENNIFER H. WATKINS**,

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of First Chatham Bank in connection with an SBA-guaranteed loan application for a $2,550,000 loan for CT Hotels LLC to purchase a Motel 6 in Tuscaloosa, Alabama, from TAL Hospitality LLC, namely, the defendants sent and caused to be sent to First Chatham Bank an email with attachments that falsely represented that **KHATIWALA's** wife had gifted $281,000 as her aunt's equity injection, when, in truth and fact, that money had already been used to satisfy an equity injection for **KHATIWALA's** wife for a different SBA-guaranteed loan application at another bank.

18 U.S.C. § 1014
18 U.S.C. § 2

37

## COUNT TWENTY-ONE

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.     On or about December 16, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,
RAJENDRA G. PARIKH, and
JENNIFER H. WATKINS,**

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Peapack-Gladstone Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of Peapack-Gladstone Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to Peapack-Gladstone Bank in reference to an application for an SBA-guaranteed loan of $3,920,000 for Steel City Hotels LLC to purchase a Red Roof Inn in Pittsburgh, Pennsylvania, from 6404 Pike Holding LLC, including the following:

(a)     On or about December 2, 2019, **WATKINS** sent an email to representatives of Peapack-Gladstone Bank that falsely represented that **PARIKH's** brother, who was an investor in Steel City Hotels LLC, had provided his equity injection with a $375,000 gift from his wife who had wired the money from her bank account to Residential Title, when, in truth and fact, **PARIKH's** brother had not injected $375,000 into Steel City Hotels LLC, and the copy of the wire transfer from his wife's account and supporting bank statements attached to the email were

duplicate copies of the same documents that had been previously submitted on behalf of **PARIKH's** brother to satisfy his equity injection for a different SBA loan obtained from another bank; and

(b)   a settlement statement that falsely represented that Steel City Hotels LLC had "Deposit or earnest money" totaling "750,000.00" at the time of the loan closing, when, in truth and fact, it was substantially less than that.

18 U.S.C. § 1344
18 U.S.C. § 2

39

## COUNT TWENTY-TWO

(False Statement to a Financial Institution)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.    On or about December 17, 2019, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH**, and
**JENNIFER H. WATKINS**,

did knowingly make and caused to be made a false statement for the purpose of influencing in any way the actions of Peapack-Gladstone Bank in connection with an SBA loan application for Steel City Hotels LLC, namely, the defendants emailed and caused to be emailed to Peapack-Gladstone Bank a signed closing package that falsely represented that Co-conspirator A, the straw owner of 6404 Pike Holding LLC, had signed a title insurance GAP Indemnity agreement and Proceeds Authorization Letter in the presence of **WATKINS** on December 15, 2019, when, in truth and fact, **WATKINS** falsified the notarial seal to give the false appearance that Co-conspirator A had been in **WATKINS'** presence at the time the documents were signed.


18 U.S.C. § 1014
18 U.S.C. § 2

## COUNT TWENTY-THREE

(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      On or about February 20, 2020, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH**, and
**JENNIFER H. WATKINS**,

knowingly and willfully executed and attempted to execute the scheme and artifice to defraud Peapack-Gladstone Bank and to obtain moneys, funds, credits, assets, securities, and other property under the custody and control of Peapack-Gladstone Bank by means of material false and fraudulent pretenses, representations, and promises, in that the defendants submitted and caused to be submitted false and fraudulent information and documents to Peapack-Gladstone Bank in reference to an application for an SBA-guaranteed loan of $3,825,000 for Fairview Hotels LLC to purchase a Red Roof Inn in Johnson City, New York, from BNY Enterprises LLC, including the following:

(a)      a duplicate copy of a $50,000 wire transfer, purported to be a gift from **KHATIWALA's** father, provided as an equity injection to a related party, when, in truth and fact, the money had been previously sent to Residential Title to satisfy an equity injection for **KHATIWALA's** sister-in-law for a different SBA-guaranteed loan application at another bank;

(b)      a duplicate copy of a $118,000 wire transfer provided as an equity injection for a real estate investment company that belonged to **KHATIWALA's** sister, when, in truth and fact,

41

the money had been previously sent to Residential Title to satisfy an equity injection for the same

company for a different SBA-guaranteed loan application at another bank; and

(c)       a settlement statement that falsely represented that Fairview Hotels LLC had

"Deposit or earnest money" totaling "800,000.00" at the time of the loan closing, when, in truth

and fact, it was substantially less than that.


18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TWENTY-FOUR

(Continuing Financial Crimes Enterprise)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      From on or about November 1, 2018, until on or about October 31, 2020, in the District of Maryland and elsewhere, the defendant,

### MEHUL RAMESH KHATIWALA,

did knowingly conduct a continuing financial crimes enterprise, in that the defendant committed bank fraud and made false statements to the Financial Institutions, in violation of Title 18, Sections 1344 and 1014, respectively, as alleged in Counts Three through Count Twenty-Three of the Indictment, incorporated by reference herein as though fully set forth in this Count, which series of continuing violations were undertaken by the defendant in concert with **RAJENDRA G. PARIKH, JENNIFER H. WATKINS, REBECCA MARIE COHN, RAJNIKANT I. PATEL**, and other persons known and unknown to the Grand Jury, whom the defendant organized, managed, and supervised, and from which continuing series of violations the defendant received $5,000,000 or more in gross receipts beginning on November 1, 2018, and ending on October 31, 2020.

18 U.S.C. § 225

43

## COUNT TWENTY-FIVE

(Conspiracy to Engage in Illegal Monetary Transactions)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2.      From on or about November 30, 2018, through on or about February 20, 2020, in the District of Maryland and elsewhere, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1957, namely, to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal and transfer of funds, such property having been derived from a specified unlawful activity, that is, bank fraud (18 U.S.C. § 1344).


18 U.S.C. § 1956(h)

44

## COUNTS TWENTY-SIX THROUGH THIRTY-ONE

(Engaging in Illegal Monetary Transactions)

The Grand Jury for the District of Maryland further charges that:

1.       Paragraphs 1 through 14 and paragraphs 16 through 38 of Count One are realleged and incorporated by reference as though fully set forth in these Counts.

2.       On or about the dates set forth below, in the District of Maryland, the defendants,

**MEHUL RAMESH KHATIWALA,**
**RAJENDRA G. PARIKH,**
**JENNIFER H. WATKINS, and**
**REBECCA MARIE COHN,**

did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal and transfer of funds, such property having been derived from a specified unlawful activity, namely, bank fraud (18 U.S.C. § 1344).

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 26 | February 22, 2019 | A check deposited of $2,769,721.78 from Residential Title, Wells Fargo bank account xxxxxx5184, to Residential Title Land Holding LLC Qualified Intermediary ESC FBO KPG Chantilly LLC, Revere Bank account xxxxxx6877 |
| 27 | March 12, 2019 | A wire transfer of $2,817,850.36 from Residential Title, Wells Fargo bank account xxxxxx1949, to Old Republic National Title, US Bank, NA, bank account xxxxxxxx0840 |
| 28 | March 12, 2019 | A wire transfer of $78,914.37 from Wells Fargo bank account xxxxxx1949, to a law firm, BB&T bank account xxxxxx6158 |
| 29 | April 2, 2019 | A wire transfer of $4,452,725.65 from Residential Title, Wells Fargo bank account xxxxxx6033, to North American Title Company, Beneficiary Bank account xxxxxx6265 |
| 30 | July 23, 2019 | A wire transfer of $2,802,900.31 from Residential Title, Wells Fargo bank account xxxxxx5184, to North American Title Company, Bank of America account xxxxxx6265 |
| 31 | July 10, 2019 | A wire transfer of $3,500,000 from Residential Title, Wells Fargo bank account xxxxxx5184, to Fidelity National Title, Wells Fargo account xxxxxx1432 |

18 U.S.C. § 1957(a)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that, in the event of the defendant's conviction on Counts One through Twenty-Eight of this Indictment, the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. § 982(a)(1), (a)(2)(A), and (b)(1) and 21 U.S.C. § 853(p).

### Bank Fraud Forfeiture

2.     Upon conviction of the offenses alleged in Counts One through Eighteen and Counts Twenty through Twenty-Three of this Indictment, the defendants,

**MEHUL RAMESH KHATIWALA,
RAJENDRA G. PARIKH,
JENNIFER H. WATKINS,
REBECCA MARIE COHN, and
RAJNIKANT I. PATEL,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting or is derived from proceeds obtained directly or indirectly, as the result of such offenses.

### Money Laundering Forfeiture

3.     Upon conviction of the offenses alleged in Counts Twenty-Five through Twenty-Eight of this Indictment, the defendants,

**MEHUL RAMESH KHATIWALA,
RAJENDRA G. PARIKH,
JENNIFER H. WATKINS, and
REBECCA MARIE COHN,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property.

### Property Subject to Forfeiture

4.      The property to be forfeited includes, but is not limited to, a money judgment in

the amount of at least $$35,398,0000 in U.S. currency representing the proceeds of the scheme to

defraud.

### Substitute Assets

5.      If, as a result of any act or omission of the defendant, any of the property described

above as being subject to forfeiture:

        a.      cannot be located upon the exercise of due diligence;
        b.      has been transferred or sold to, or deposited with, a third person;
        c.      has been placed beyond the jurisdiction of the Court;
        d.      has been substantially diminished in value; or
        e.      has been commingled with other property that cannot be subdivided without
                difficulty;
        f.
the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.

§ 982(b)(1).


18 U.S.C. § 982(a)(1), (a)(2)(A), and (b)(1)
21 U.S.C. § 853(p)

Erek L. Barron
United States Attorney
District of Maryland


A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date    11/2/2023